Milleb, J.
[After referring to the facts.]—The wife . of the testator having died before him, the first provision lapsed and became inoperative. The testator’s son Daniel married the plaintiff before the death of his father, and died in 1869, leaving the plaintiff, his widow, and one son, Louis, him surviving, who also died in 1873. Daniel Embury, Jr., left a will, by which he gave all his estate to his wife, the plaintiff. The question to be determined on this appeal relates to the trust estate, and especially to the construction to be put upon that portion of the will last cited, and whether the share of Daniel in the remainder became vested in ■ him upon the death of his father, and passed from him to the plaintiff under his will, or whether it passed to his son Louis, and from Louis, upon his death, to his mother, the plaintiff, or whether, upon the death of Louis, it went to the other children of the testator named in the will.
We think that by the will Daniel Embury, Jr., upon the death of the testator, took a vested remainder in his residuary estate, and was entitled to an immediate right to the possession of his share of the estate, upon the death of James W. Embury, who held the precedent and intermediate estate.
The language of the second subdivision, above cited, *411 in the absence of any other controlling provision showing a contrary intention, according to the recognized rules of construction applicable to wills, refers to a death in the lifetime of the testator (Livingston v. Green, 52 N. Y. 118, and cases cited).
Instead of there being any such controlling provision, the last paragraph of the second subdivision, appointing the executors guardians of all minors who may become entitled to a share under the will, confirms the presumed intent.
If this construction is correct, then Daniel Embury, Jr., having survived the testator, took, upon the death of the latter, an absolute vested remainder in the estate.
But if the death means a death after the death of the testator, the estate of which Daniel Embury, Jr., was seized was only limited in case he left no lawful issue surviving him, and as he died leaving his son Louis his issue, the latter became vested with the interest to which his father was entitled. Whether Daniel Embury, Jr., died before or after the testator’s death makes no difference, as it was only in the event of his dying without issue that his interest was limited to the survivors.
The language of the will is in the present tense, and the gift is unqualified in its terms. Daniel, therefore, took an absolute, indefeasible estate in remainder, expectant on the final termination of the trust term, and upon his death it passed to Louis, and upon the death of Louis to his mother, the plaintiff, without regard to the will of her husband.
The claim made that the trustees became entitled to the entire estate under the revised statutes, so as to prevent the vesting of the remainder in Daniel Embury, Jr., is, we think, unfounded, as .will be seen by an examination of the statutes bearing upon the subject. By 1 R. S. 723, § 55 (2 R. S. 6th ed. 1101), express
*412 trusts may be created to receive the rents and profits of lands, and apply the same as provided. By 1 R. S. 729, § 60 (2 R. S. 6th ed. 1107), every express trust valid in the creation, except as otherwise provided, vests the whole estate in the trustees, subject to the execution of the trust, and it is declared that the person for whose benefit the trust is created, shall take no estate or interest in the lands. From this provision it is plain that the trustees under the will became vested with a present existing legal estate which was to terminate upon the death of James W. Embury, the testator’s son, in accordance with its provisions. The interest thus vested did not, however, extend beyond this; and while such estate existed each of the beneficiaries named in the clause cited also was seized of a vested interest in the remainder, with the right to the possession of the same upon the termination of the trust. This absolute estate existed upon the death of the testator. 1 R. S. 723, § 13 (2 R. S. 6th ed. 1101), declares that estates are vested when there is a person in being who has an immediate right to the possession of the lands upon the ceasing of the intermediate present estate.* Daniel Embury, Jr., was a person in being who had a clear right to a portion of the estate in question upon the termination of the trust, and comes directly within the provision last cited. This estate became vested when the testator departed this life.
It is no answer to this position to say that the estate was vested in the trustees, and he had no interest under section 60, already cited, for the right acquired by the trustees was purely for the purposes of the trust, and nothing beyond that. It is true that during the existence of the trust the trustees were given full power to administer the trust, and for this purpose were vested with entire control over the estate ; but such a tempo *413 rary interest does not interfere with or prevent the vesting of the remainder upon the termination of the trust estate, subject to the rights of the trustees during the intermediate period. Nor does the declaration in section 60, to the effect that the cestui que trust shall take no estate, conflict with the right to the remainder, or prevent the vesting of the same. It only applies to the trust estate, and the two estates are entirely consistent and may exist at the same time. With this construction both sections of the statutes last cited are entirely harmonious ; while "with a different one they would be inconsistent and irreconcilable.
The right of Daniel Embury, Jr., to a vested interest under the will is also upheld by the rules of law applicable to cases of a similar character, and is, we think, in accordance with the decisions of the courts. When the testator made provision for the disposition of his estate in case of the death of either of his children, he evidently referred to such an event prior to his own decease, and not at the close of the trust. In Moore «. Lyons, 25 Wend. 119, it was held that under a devise of real estate to one for life, and from and after his death to three others, or to the survivor or survivors of them, their or his heirs or assigns forever, the remainder-men took a vested interest at the death of the testator, and that the words of survivorship referred to the death, of the testator, and not to the death of the tenant for life, unless from other parts of the will it be manifest that the intent of the testator was otherwise. The same principle is applicable here, as it is not apparent that the testator designed to deprive either of his children of the right to dispose of the body of the estate. There are numerous authorities which support the interpretation given, and hold that words employed under like circumstances in reference to the time when the remainder of the estate vests, are to be considered as referring to the testator’s death. *414 (Livingston v. Green, supra; Boraston’s Case, 3 Coke, 19; Folton v. Williams, Prec., E. R. 73; 2 Eq. Cases Abr. 344; Goodtitle v. Whitby, 1 Burr. 228). In the last case cited it was held, that where an absolute property is given, and a particular interest in the meantime, it does not operate as a condition precedent, but as a description of the time when the remainder-man is to take possession.
In Livingston v. Green, supra, the testator, after leaving a life estate in his real estate to his wife, upon her death bequeathed the estate in the following language:—to “all my children and to their heirs and assigns, to be equally divided, share and share alike, and should any of the children die and leave lawful issue, such heirs to receive” the parents’ portion. And by a subsequent provision he declared, that upon the death of his wife and a division of the estate as provided among the children, their shares should be an estate in fee, &c. It was held that the word 11 after’ ’ and “upon the death of his wife,” and like words, do not make a contingency, but merely indicate when the remainder shall take effect in possession—the commencement of the enjoyment of the estate ; that the language relative to the death of his children leaving lawful heirs, in the absence of any other controlling provisions, refers to a death in the lifetime of the testator, and a vested remainder was created in the children. This case is directly in point, and not so strong as the case at bar.
In support of the same general rule is the well settled principle that the law favors the vesting of estates, and unless the intention be unequivocally expressed to the contrary, it will not be imputed to the contrary (4 Kent, 204; 2 Washb. on Real Prop. 510 ; 43 N. Y. 368). And the remainder is not to be considered as contingent in any case where it may be *415 vested consistently with the intention of the testator (Moore v. Lyon, 25 Wend. 144, supra).
Although some of the cases to which we have been referred by the defendants’ counsel may be considered as holding a different doctrine from that laid down in the cases cited, we think that they are adverse to the weight of authority, and to the rule in this State as established in the reported decisions.
As the remainder of the estate became vested upon the death of the testator, we think that it was subject to alienation by Daniel Embury, Jr., and no provision of the Revised Statutes interferes with the right of the remainder-man to make a disposition of the same (1 R. S. 722, § 6 [2 R. S. 6th ed. 1101]; Id. 725, § 25).
But it is not material whether the plaintiff took by the will; for as we have seen, it is entirely clear that she took by descent or succession from Louis, her son (1 R. S. 752, § 6).
The plaintiff, being entitled to a vested remainder in the future estate created by the testator after the expiration of the trust term, had also a right to the intermediate' rents and income which might accrue after the death of Louis until the trust estate was finally brought to a close.
In regard to such rents and income, the intention of the testator is apparent from the will itself, which provides for their disposition to the lawful issue of Daniel Embury, Jr., in case of his death leaving such issue surviving him. If, however, no disposition is made of such rents and income by the will, then if Louis had died leaving a widow and children they would be precluded from taking under the same. Such a result would be inconsistent with the plain import of the will, and against the manifest intention of the testator.
That such was not the design is also apparent from the further provision that only in the case of the death of Daniel, without issue surviving him, the rents and *416 profits should go to other member of the family who are named. But if such intention is not to be presumed then the rents and profits would be “undisposed of,” and as no provision is made for the accumulations of the same, by virtue of section 40,1 R. S. 726 (2 R. S. 6th ed. 1104), they passed to the plaintiff as the person “presumptively entitled to the next eventual estate.” This provision of the statute has been held to apply in cases bearing similar characteristics (Kilpatrick v. Johnson, 15 N. Y. 320 ; Gilman v. Reddington, 24 Id. 19; Schettler v. Smith, 41 Id. 340, 349).
After a careful examination we discover no reasons assigned by the revisers for the section last referred to which are inconsistent with the interpretation given, and we think that such construction is fully sustained by the authorities last cited.
It is insisted, however, that under section 62,1 R. S. 729 (2 R. S. 6th ed. 1107), the right to a share of the rents and profits, being undisposed of by the will, goes to the heirs of the testator. This position we think cannot be maintained, because,—
First. Such a construction would render the sections last cited inconsistent with section 40, and as a statute is to be construed so as to give effect to the whole, if possible, it will be presumed that section 62 was intended to cover cases other than these provided for by section 40.
Second. It is clear that section 62, was intended to provide for undisposed-of legal estates or interests in land, as it declares that “the estate or interest shall go to the heirs as a legal estate.” By section 60, the beneficiaries under the will in question, during the existence of the trust estate, take no interest, legal or equitable, in the lands, and as to the trust estate only have a right to enforce the performance of the trust in equity. But during the life of the trust, the estate is vested in the trustees, and after its expiration the remainder-men *417 take in possession. It thus appears that there is no estate or interest which can pass as a legal estate “undisposed of,” and merely an equitable right to require the trustees to account or to pay over a share in the rents, income and profits to such persons as may be entitled to the same,—and section 40 points out distinctly to whom this equitable right belongs.
It is also claimed that section 40 applies to a pure legal estate, and that no expectant estate is limited to the plaintiff within its terms. We think it is applicable to all cases where trusts are created and there is an expectant estate. It was not necessary that the plaintiff should be named as the expectant to make it applicable here. And it is sufficient that by the death of the person entitled to the same she has lawfully become such expectant and takes the place of the expectant.
Although section 40 is in the article of the revised statutes which relates to the creation and division of estates, and not in that regarding uses and trusts, this does not affect its application to the trusts now considered created by the testator. The authorities cited, where it has been held to apply where uses and trusts had been created, are in point and determine the question.
The judgment of the general term was right and should be affirmed.
All the judges concurred.

 See Sheridan v. House, 4 Abb. Ct. App. Dec. 218, and cases cited.