GARRETT C. MOORE AND HUGH M. REYNOLDS, RESPONDENTS, *v.* CHARLES F. APPLEBY, APPELLANT.

*Devise of real estate in trust — the persons holding the estates in remainder must be made parties to an action for partition — when infants are not barred from following real estate, after coming of age, by reason of having received the proceeds of the sale thereof on an accounting by an executor before the surrogate.*

A testator, by a codicil, gave that share of his estate, which he had, by his will, given to his son Charles to his son George in trust to collect and receive the rents, issues and profits thereof, and apply the same to the use of Charles for and during his natural life, and upon his death, leaving a lawful child or children, to assign, transfer and convey the said share unto such child or children, their heirs, executors, administrators and assigns, equally to be divided among such children, if more than one; and in case Charles should die without leaving any child or children, then to convey, assign and transfer such shares to the heirs-at-law of Charles.

The son George individually and as trustee of his brother Charles, brought an action to partition the estate and procured therein an actual partition thereof. To this action the persons presumptively or actually entitled to the property in remainder were not made parties.

*Held*, that they had a vested interest in the property and should have been made parties to the action.

After the proceedings in partition had been completed the accounts of the executors were settled before the surrogate, all the persons interested in the estate and in the distribution of its proceeds being made parties thereto; and the proceeds thereof in the hands of the executors were divided or distributed under a decree of the surrogate made therein.

*Held*, that as it appeared that some of the persons so interested were infants, and were represented by guardians, and as it was not shown that the money was received by them or by their guardians, with knowledge of the fact that any portion of it was the proceeds of the property so partitioned, that the said proceeding or decree did not prevent the infants from electing, on attaining

their majority, to follow the property itself. (See *Mutual Life Ins. Co.* v. *Schwaner*, *post* p. 373.)

That they might so follow the said property without returning the moneys received upon the accounting, provided it was proved that the said moneys were expended for their benefit during their minority.

APPEAL from a judgment recovered on a trial before the court without a jury.

*Arnold H. Wagner*, for the appellant.

*William Mitchell, Jr.*, for the respondents.

DANIELS, J.:

The amount which was recovered by the plaintiffs was the sum of $1,600, advanced to the defendant on a contract for the purchase of a lot of land on the northerly side of Tenth street, in the city of New York, and interest upon that amount and the expenses incurred in the investigation of the title. The defendant tendered a deed of the property at the time mentioned in the agreement, but it was refused, for the reason that the title was considered to be materially defective.

The property consisted of a part of the estate of Gideon Tucker, and by a codicil to his will it was in part devised to his executor in trust for the benefit of the testator's son Charles. So much of the codicil as made this devise is as follows:

"All the share, interest and portion of my estate, both real and personal, which is in and by said last will given, devised and bequeathed unto my said son Charles; I do give, devise and bequeath unto my son George W., his heirs, executors, administrators and assigns, upon the following trusts, that is to say, to collect, receive and take unto his possession all personal estate belonging or appertaining to such share, and all the rents, issues and profits of the real estate, part and parcel of such share of my said son Charles, and apply all the rents, profits, interest or income of such share to the use of my said son Charles during his natural life, and upon his death, leaving a lawful child or children, to assign, transfer and convey the said share, interest or portion of my said estate, real and personal, unto such his child or children, their heirs, executors, administrators and assigns, equally to be divided among such children, if more than one; and in case my said son Charles shall

die without leaving any such child or children, then to convey, assign and transfer such share of my said estate to the heirs-at-law of my said son Charles."

After the decease of the testator, the executor, in his own right and as trustee for his brother Charles, commenced an action to partition the estate of the testator. But neither of the persons presumptively or actually entitled to take the property in remainder, which was devoted to the objects of the trust, was made a party to the suit in partition.

This property, with other parcels of the estate, was purchased by the trustee and others, and a subsequent action for its further partition was afterwards brought between them resulting in a partition and division of the property. But in the latter action there was the same omission to make the parties entitled to the land in dispute parties to the action, and it was mainly because of these omissions that the plaintiffs refused the title which the defendant offered to convey to them in fulfillment of the terms of his agreement.

The persons entitled to the property in remainder were omitted as parties in the partitions under what was supposed at the time to be the effect of the section of the statute relating to uses and trusts, which declared that the whole estate, both in law and equity in the case of an express trust, should vest in the trustee subject only to the execution of the trust. (2 R. S. [6th ed.], 1109, § 73.) This view of this section of the statute entirely overlooked the provision made by the succeeding twenty-fifth section, which declared that every estate and interest not embraced in the trust and not otherwise disposed of, should remain in or revert to the person creating the trust, or his heirs as a legal estate. What the statute, therefore, designed was, that the trustee in the case of an express trust should be vested with so much of the estate during the continuance of the trust as should be necessary to maintain and execute it, and subject to that, that the property in remainder should, in the case of a devise of this nature, devolve upon the persons entitled to take it in remainder. And that was not defeated in this instance by the direction given to the trustee to convey, assign and transfer the estate on the termination of the trust, for that was not a purpose for which a trust could be created under the provisions of the

statute. (2 R. S. [6th ed.], 1106, § 55; *Smith* v. *Platt*, MSS. opinion of this court in March, 1885.)

This direction, at most, created only a power over the estate in the trustee; and where such a power may be created, the land, notwithstanding its existence, will descend to the persons entitled to inherit it, subject to the execution of the power. (2 R. S. [6th ed.], 1109, § 72.)

The extent of the estate vesting in trustees for the execution of an express trust was considered in *Embury* v. *Sheldon* (2 Abb. N. C., 404), and it was there determined that they would take no greater title or interest in the estate than that which would be commensurate with the purposes and duration of the trust. And that seems to have been the view of the court in *Chism* v. *Keith* (1 Hun, 589). Under these provisions of the statute, as they have been construed, the persons entitled to the property in remainder after the decease of the testator's son Charles, which would terminate the trust estate, had a vested interest in the property, and should have been made parties to the action in partition; and not having been made parties, their interests were not affected by the judgments or by the sale which took place under the first, or the actual partition made by the authority of the second judgment.

After these proceedings in partition were completed the executor's accounts were settled before the surrogate, and all persons interested in the estate and the distribution of its proceeds were made parties to that proceeding; and the proceeds of this property in the hands of the executor were divided and distributed between these persons under the decree of the surrogate. And reliance has been placed upon these proceedings as an estoppel precluding the persons who were interested in this property in remainder from afterwards claiming any interest whatever in the land itself. But some of the persons who were so interested were infants, and appeared in the proceedings only by guardians appointed for them by the surrogate; and they cannot be prevented from claiming their interest in the property itself by reason of this division and distribution of the proceeds of the estate. It has not been shown that the money was received, either by them or their guardians, with knowledge of the fact that any portion of it was the proceeds of this property. And no intention can be inferred, therefore,

from the facts that they intended to receive the proceeds in the place of their interests in the property, and thereby affirm the sale made of it under the proceedings in partition. The infants still remain entitled to the interests vested in them in this estate, and may upon attaining their majority elect to follow the property itself. (*McCoon* v. *Smith*, 3 Hill, 147.) And that may be done without even returning the moneys received on their account, provided the same shall prove to have been expended for their benefit during their minorities. (*Green* v. *Green*, 7 Hun, 492; affirmed, 69 N. Y., 553.)

The proceeding in partition under which the sale took place was wholly inoperative as to the persons entitled to the estate in remainder, and they cannot be rectified by an estoppel arising out of circumstances of this description. (*Veeder* v. *Mudgett*, 95 N. Y., 295, 310.) Particularly as the plaintiffs, the vendees in the contract, became fully aware of all the facts affecting the inability of the defendant to convey the title. The amount allowed for the examination of the title was not unreasonably large, and making proof, as the defendant proposed to give it of the salary of the person employed in that service, would not have aided or tended to produce a different result. The exclusion of that evidence was in no way injurious therefore to the rights of the defendant in the action.

The allowance of $250 exceeded the amount which the court was authorized to allow under section 3253 of the Code of Civil Procedure. The subject-matter involved in the action was the amount claimed to be recovered by the plaintiffs, and that was the sum of money which they had advanced on the contracts and expended in the examination of the title. And the allowance, instead of being based upon the value of the land itself, should have been limited to the sum recovered by the plaintiffs, which would have restricted it to about the sum of $102.52.

The judgment to this extent is erroneous and without authority, and it should be modified by reducing the allowance to this sum of $102.52, and as so modified it should be affirmed, but without costs to either party.

Davis, P. J., concurred.

Present — Davis, P. J., and Daniels, J.

Judgment modified as directed in opinion, and affirmed as modified, without costs to either party.