Livingston v. Green.

---

HENRY A. LIVINGSTON and others, Appellants, *v.* DAVID GREEN and others, Respondents.

(GENERAL TERM, SECOND DEPARTMENT, 1872.)

A devise to testator's widow for life, " and from and after " her death to all his children in equal shares, creates a vested remainder in fee in the children to vest in possession on termination of the life tenant's estate.

An additional provision, that if any child should die leaving heirs, they should receive their parent's portion, furnishes no evidence of intent that the remainder should not vest.

Nor does an omission to provide for the case of any of the children dying without issue.

THIS was an appeal from the decision of the court at Special Term in Dutchess county.

The action was brought to partition certain real estate, to which the parties claimed title under the will of Henry A. Livingston, deceased.

It appeared that the testator died in June, 1849, seized of the property in question, and leaving a will dated March 3, 1843, which was duly proved before the Dutchess county surrogate and recorded, and which, with others, contained the following provisions:

"First. I order and direct my executors and executrix, hereinafter named, should it be found by them necessary for the payment and discharge of any debts or lawful charges that may be against me at the time of my death, or at any time thereafter, should it be required for the support or education of my minor children, to sell all or any of my real estate, wherever situated, except my mansion house and farm, on which I now live, in the town of Poughkeepsie, and which is not to be sold, and to give good and sufficient deeds and conveyances for such other property as they may sell; and should any overplus remain after paying my debts, such overplus to be paid to my beloved wife, Frederica Livingston, to be by her used and expended for herself and our children, for their maintenance and education.

*       *       *       *       *       *       *       *

"Fourth.    *    *    *    I give, devise and bequeath unto my beloved wife, Frederica Livingston, all my farm, messuage and tenements, with the appurtenances, situated in the town of Poughkeepsie, and county of Dutchess, on which I now reside with my family, and is known as my mansion farm and residence, on the banks of the Hudson river, and which was the homestead of my grandfather, Henry Livingston, deceased, with all the rents, issues and profits thereof, for and during the term of her natural life, to be used and occupied as she may think best, either as her residence, or to let or lease the same, the better to enable her to maintain herself and my younger

children by my marriage with her, in such manner as she may determine, or at any time during her life, best calculated for herself and their interest; and that for and during her life she shall not be subject to any costs or rents, or imputation of waste by or from any person or persons whatsoever, except the payment of all lawful taxes that may from time to time be assessed on said farm.

\* \* \* \* \* \* \* \*

"Sixth. The income of my farm not being sufficient to maintain my wife and support and educate my younger and minor children, I hereby give the rents and yearly income of all my real estate, in houses and lands, wheresoever situated, and not sold by virtue of this my will, to my said wife, Frederica Livingston, for the continuance of her life, for the support and purposes herein named.

"Seventh. From and after the decease and death of my beloved wife, Frederica, I give and bequeath all my real estate then being, whatsoever and wheresoever, including my mansion house and farm, to all my children, and to their heirs and assigns forever, to be equally divided, share and share alike. And should any of my children die and leave lawful heirs, such heirs to receive the portion that their parent would have been entitled to, had such parent lived, viz.: After the death of my beloved wife, Frederica, I give to my son, John A. Livingston, one equal share; to my son, Abraham H. Livingston, one equal share; to my son, Russell Livingston, one equal share; to my daughter, Louisa M. James, wife of Edward K. James, one equal share; to my daughter, Frederica C. Livingston, one equal share; to my daughter, Christina Ten Brouck Livingston, one equal share; to my daughter, Cornelia Beekman Livingston, one equal share; to my daughter, Jane Murray Livingston, one equal share; to my daughter, Henrietta Ulrica Livingston, one equal share; to my son, Henry Philip Livingston, one equal share; to my son, Augustus Linlithgo Livingston, one equal share.

\* \* \* \* \* \* \* \*

"Ninth. On the event happening of the death of my wife,

Livingston v. Green.

Frederica Livingston, and on a division of my estate, in equal shares amongst my children, as named in the seventh section of this my will, I hereby declare such shares to be an estate in fee to them and their heirs or assigns; and they, or either of them, are empowered to give good and sufficient deeds for his, her or their shares of my real estate."

A portion of the premises in the complaint were referred to in the will as the "mansion house and farm," and with the other premises described therein comprised all the real estate of the testator which remained unsold at the time of the death of his widow.

It also appeared that the testator left surviving him his widow and eleven children mentioned in his will, and that before the decease of the widow all but four of such children had died intestate and otherwise, leaving various children, devisees and descendants, who were made parties to the action, and claimed their respective interests in the portions of the property devised by the testator to their ancestors, and put in their answers to the complaint.

The court found the following conclusions of law, viz.: "That on the death of Henry A. Livingston each of his said children then living, by virtue of and under the provisions of his will, became seized in fee of an undivided one-eleventh of the premises described in the complaint, subject to the life estate therein of Frederica C. Livingston, the widow of said deceased," and that the several devisees and heirs-at-law of the children of the testator, who were deceased at the death of the widow, were seized and entitled to their interests therein of their respective ancestors or testators.

There were also certain special findings of law not essential to an understanding of the decision here.

The plaintiff and others appealed.

*Nelson & Baker* for appellants.

*J. S. Van Cleef, S. W. Buck, Sanford & Woodruff and Emott & Taylor* for various other parties.

Present—GILBERT and TAPPEN, JJ.

By the Court—GILBERT, J.  The language of the will in this case is plain and well chosen for the purpose indicated. The testator gave his wife an estate during her life, and to his children, each, a vested remainder in fee in one eleventh part of his estate, which should vest in possession upon the termination of the life estate of his widow. As all the children survived the testator, the provision that the children of a deceased child should take the share their parent would have taken never took effect.

It is hardly disputed that such is the legal effect of the language employed, but the appellants contend that the whole will manifests an intention on the part of the testator that his estate should not vest in his children until the death of his widow, and that the children then living should take as survivors, the issue of a deceased child taking a parent's share.

The will contains no language adapted to make such a disposition. The devise is "to all my children and their heirs and assigns." He then repeats the gift to his children, naming them, and specifies the share each is to take, namely, one equal share. In the last sentence, the words "heirs and assigns" are omitted. Taking the gift in either form, however, it is the same in legal effect, for the term heirs or other words of inheritance are not requisite to create an estate in fee. The devise, then, is to the testator's wife during her life, and after her death to his children, each one share. No more apt words could have been chosen to create a vested remainder in fee in the children. The words "from and after the death of my wife" do not make a contingency, but merely point to the time when the estate is actually to vest in possession. The provision for the children of a deceased child was probably inserted because the testator thought it was necessary to prevent a lapse. At common law it would have been necessary for that purpose, but the rule has been changed by statute. (2 R. S., 66, § 52.) But whatever the object was, it furnishes no evidence of an intention that the devise of the remainder should not vest at the death of the

Livingston v. Green.

testator. To give the will that effect, we should have to interpolate into it, after the words "should any of my children die," the words "after my decease and before the termination of the estate given to my wife" or the like, which is not admissible. Nor is there any special significance in the fact that the testator omitted to provide for the contingency of any of his children dying without issue, for the only effect of such an event would have been to enlarge the shares of the children who survived the testator, or in case the child who died left a descendant to vest the share of such child in such descendant. It is claimed, also, that the share which the testator gave to any of his children was liable to be divested on such child's dying without leaving lawful issue surviving at his death. But such an effect could not be produced without a radical alteration in the language of the will. It would be necessary to change the gift to the children from an absolute gift of a remainder in fee, into a gift to them during their lives, and after their decease to their heirs and assigns. This, according to the doctrine of *Moore* v. *Littel* (41 N. Y., 66), would, if the same effect should be given to a devise as to a grant, make a vested remainder in each of the grandchildren of the testator, which would be liable to be divested by their death before that of their parents, and the several shares of the estate would, upon the death of the widow, and the life tenants of such shares respectively vest in the grandchildren then living, according to the shares given to their parents respectively.

The will of the testator does not admit of such a construction, and we could not give it that effect without making a new will for him.

We are unable to perceive that the ninth clause in the will makes any change in the legal import and effect of the seventh clause. There could not, in the nature of things, be any actual enjoyment by the devisees in remainder of their separate shares during the life of the widow. But this is evidently the kind of enjoyment which the testator meant by the term "division of my estate." When, therefore, the testa-

tor referred to a division of his estate among his children, as named in the seventh section, he intended to embrace all the beneficiaries therein mentioned. The provision in the seventh section, that the heirs of a deceased child should take the share of their parent, is, by a settled rule of interpretation, restricted to heirs of the body, and such heirs may properly be included in the meaning of the word children as used in the ninth clause. Nor can any different effect be given to the phrase " on the event happening of the death of my wife," in the ninth clause, than to the like phrase in the seventh clause. Both have the same meaning, and point only to the time when the actual enjoyment of the estates in remainder shall begin. Upon the whole, we see no reason to doubt that the court below put the right construction upon the will, and we are unable to discover any general or particular intention of the testator which that construction would defeat.

The judgment is, therefore, affirmed with costs.