# SUPREME COURT.

Sophia R. Embury agt. Henry K. Sheldon, Executor, &c., et al.

*Construction of will — transmission of equitable estates.*

The testator devised to his executors his estate, real and personal, to receive the rents, income and profits thereof, during the life of his son James W., with directions to pay the same to his sons and daughter the trust to terminate upon the death of James W., when he devised the principal of his estate to his sons and daughter. The will contained a provision, that in case of the death of either of his children, leaving lawful issue, the issue should take, of income and principal, the same share which the parent would have been entitled to if living.

*Held*, that upon the death of one of the testator's sons before the termination of the trust, leaving a widow and one son, the son succeeded to all the rights of his father in the trust estate; and upon the death of her son intestate, leaving his mother him surviving, the mother, as next of kin and heiress at law, succeeded to the interest of her son in the trust estate.

*New York Special Term, December*, 1874.

Demurrer to complaint.

Daniel Embury, deceased, in and by the fifth paragraph of his will, devised and bequeathed to his executors, named in the will, all the rest, residue and remainder of his estate, real and personal, to have and hold the same in trust for the following purposes :

1. To receive the rents, incomes, issues and profits thereof, for and during the lifetime of the wife of the testator, and to apply the same during the life of his wife as was directed in his will.

After the death of his wife, in trust to receive the rents,

issues, income and profits, for and during the lifetime of the testator's son James W. Embury, and after paying all necessary expenses, to pay the net amount to his daughter, Anna R. Sheldon, his son James William Embury, in trust for the support of himself, his wife and children, and his sons Daniel and Philip Augustus, in equal proportions; and upon the death of James W. Embury, the trust was to terminate. Upon the termination of the trust, the testator devised and bequeathed the said rest, residue and remainder of his estate as follows: .one-fourth part thereof to his daughter, Anna R. Sheldon, one-fourth part thereof to the children of his son James W. Embury, one-fourth part thereof to his son Daniel, and one-fourth part thereof to his son Philip Augustus.

The will contained a provision that in case of the death of Anna, Daniel or Philip, leaving lawful issue, such issue should take of income, as well as principal; the share which the parent would have been entitled to if living. But should no lawful issue survive them, the share of the one so dying should go to the survivors of the last above named person, and the children of his son James W., in equal proportions.

Before the death of the testator, his wife, and his son Philip Augustus, without issue, departed this life.

After the death of the testator, his son Daniel died, leaving a widow, the plaintiff in this action, and one son, Louis Embury, who died intestate, without leaving lawful issue.

The plaintiff claims that she is entitled to the share or interest in the estate to which her husband was entitled during his life, under the will of his father, viz., to one-third part of the rents, incomes, issues and profits of the trust estate, during the life of James W. Embury.

*C. A. Peabody*, for plaintiff.

*B. T. Kissam*, for defendants.

Van Vorst, *J.* — By the express provisions of the will of his father, the share of Philip Augustus, in the trust estate,

went to his brothers and sisters; and as there were three surviving children, Anna, Daniel, and James W., each took, at the death of the testator, one-third part of the trust estate.

The estate was devised to the trustees to receive the rents, income and profits, and to pay the same over to the *cestui que trusts* in equal parts.

The trust was to continue during, and to end with, the life of James W. Embury.

The testator did not intend that the share of either of the beneficiaries in the rents, issues and profits should, upon his or her death, during the trust term, absolutely go to the surviving beneficiaries.

On the other hand, it is distinctly declared in the will, that in case of the death of either of the devisees, legatees and beneficiaries, leaving lawful issue surviving them, such issue should take of income, as well as principal, the share which the parent would have been entitled to if living; but should no lawful issue survive them, the share of the one so dying should go to the survivors of the children of James W., in equal proportions.

Now, the share to which the husband of the plaintiff was entitled, had he lived, was one-third of the rents, income and profits, until the trust should terminate with the death of James W.

Upon the death of Daniel, the husband of the plaintiff, during the life of James W., by force of the will, his son Louis succeeded to all his right and interest in the trust estate.

I am of the opinion that upon the death of Louis, intestate, his mother, the plaintiff, as sole heiress at law and next of kin, became entitled to the interest of her deceased son in the trust estate, and to his proportion of the rents, issues and profits thereof, being the one-third thereof, to be received and enjoyed by her until the death of James W., when the trust will end and become executed in the devisees and legatees to whom the principal of the estate is given.

Embury agt. Sheldon.

Equitable estates follow the rules of legal estates as to their descent.

The rules of law which regulate the dissolution or transmission of estates, have been by analogy extended to trusts; and whatever would be the rule of law if it were a legal estate, has been applied by the court of chancery to a trust estate (1 *Spence Eq. P.*, 502; *Perry on Trusts, sec.* 357; *Croxall* agt. *Sherard*, 5 *Wallace*, 268; *Bush's Appeal*, 33 *Penn. S. R.*, 88).

In conclusion, therefore, I am of opinion that upon the death of the father, his estate and interest under the trust passed, under the will in question, to his son Louis; that the interest of Louis extends to the termination of the trust by the death of James W. The estate and interest so received by Louis, at his death, passed to his heir at law and next of kin, the plaintiff, who is entitled to one-third of the rents, income and profits of the trust estate.

There should be judgment for the plaintiff on the demurrer.