## SUPREME COURT.

GEORGE STEVENSON, Guardian, &c., agt. ALEXANDER M. LESLEY *et al.*

*Construction of the provisions of a will.*

Where a will grants and devises the estate to trustees, for the testator's grandchildren, namely, " the children of my son, A. M. L., and the survivors of them, share and share alike, and the children of my daughter, E. J. S., deceased, and the survivors of them, share and share alike, and in the mean time the income of my said estate shall be applied to the necessary support, maintenance and education of each of said children under the care of said executors : "

*Held,* that as an original question, the trust in the will would be void as contravening the statute against perpetuity ; but under the decision of the court of appeals, in *Everett* agt. *Everett* (29 *N. Y.*, 39), the trust must be held valid.

The intention of the testator, as evidenced by the will, was to divide his estate *per stirpes* and not *per capita.*

*N. Y. Special Term, April,* 1875.

*Richard O'Gorman,* for plaintiff.

*Convers & Lyman,* for defendant Lesley.

*Underhill & Ulshoeffer,* for defendant Trimble.

*W. C. Whitney,* attorney and guardian for infant defendants.

VAN BRUNT, *J.* — This is an action brought to obtain a construction of the will of George Lesley. The will in question contains the following provisions, viz. : All the rest residue of

my estate, both real and personal, after paying bequests, I give, grant, devise and bequeath to Alexander M. Lesley and Merrett Trimble, both of New York, in trust for my grandchildren, namely, the children of my son, Alexander M. Lesley and the survivors of them, share and share alike, and the children of my daughter, Ellen J. Stevenson, deceased, and the survivors of them, share and share alike, to be paid and conveyed to each of said children respectively, as they each become of age, in equal shares, and in the mean time the income of my said estate shall be applied to the necessary support, maintenance and education of each of said children under the care of said executors."

It is claimed upon the part of the plaintiff that the trust in said will provided is void because it contravenes the statutes against perpetuity. And, although such would be my construction of the will if it were a novel question, yet the court of appeals having, in the case of *Everett* agt. *Everett* (29 *N. Y.*, 39), construed similar provisions, I am compelled to follow that decision, and hold the trust in the will in question to be valid.

The only other question is as to whether the estate is to be divided *per capita* or *per stirpes*. It seems to me that the provision of the will that the children of his son are to share alike, and thus the separate provision, that the children of his daughter are to share alike, indicate an intention upon the part of the testator to divide his estate *per stirpes* and not *per capita.*

Judgment ordered accordingly.