Chapman agt. Nichols.

---

## SUPREME COURT.

THOMAS F. CHAPMAN agt. THOMAS ALFRED NICHOLS and others.

*Construction of will — Vesting of interests.*

The testatrix gave real estate to executors, in trust, to receive and divide the rents and profits equally between her two sons, A. and B., and her grandson C., until C. should become of age; the property to be then divided in three equal shares, one share each, to be conveyed to A., B. and C., but in case C. should die before such division and conveyance, without issue, then the whole estate was to be divided between and conveyed to the two sons. The testatrix died in 1876. Her son A. died in 1879, intestate, without issue; and her grandson C. died in 1880, intestate, under age, and without issue; his father, the plaintiff, being his sole heir.

*Held*, that at the time of his death, A. was vested with an interest in the real estate by the terms of the will, and that upon his death his share went to his brother B. and nephew C., and that the plaintiff, the father of C., as the heir of his son, takes his share, which is one-half of one-third of the estate.

*Special Term, April*, 1881.

*Moore, Hand & Bonney,* for plaintiff.

*Jacob F. Miller,* for defendant.

VAN VORST, *J.*— By the terms of the will of the testatrix, the real estate was given to her executors, in trust, to receive and collect the rents, issues and profits thereof, and after paying taxes and other necessary charges, to divide the residue of the rents and profits, equally, between Thomas Alfred Nichols and Theodore J. Nichols, the two sons of the testatrix, and her grandson, Clarence I. Chapman, until Clarence should come of age; and then, upon the further trust upon Clarence coming of age, to divide the real estate into three equal parts, and to grant and convey one equal one-third part to her son Thomas Alfred in fee, one-third part to her son Theodore in fee, and the remaining one-third part to her grandson Clarence in fee, provided that in case he should die before such division and conveyance, without leaving issue him surviving, then the whole of the estate was to be divided and conveyed to the two sons of the testatrix, their heirs and assigns forever. The testatrix died in 1876. Clarence, the grandson, died intestate in 1880, under age and without issue, and his father, the plaintiff, is his sole heir-at-law.

By the express terms of the will the only interest of the grandson, Clarence, in the property, up to his death, was his proportion of the rents and profits which the executors were directed to collect and pay over. He was only entitled to a share in the real estate upon a division, which was directed to be made after he attained full age. If he died before that time, the interest which he was to receive on such division, was directed to be conveyed to the two sons of the testatrix. But before the death of Clarence, and in the year 1879, Theodore J. Nichols, one of the sons of the testatrix, died intestate, leaving no issue, but leaving, as his only heirs-at-law, his brother Alfred and his nephew Clarence, the only child of a deceased sister.

The question to be determined is whether, at the time of

his death, Theodore J. Nichols was vested with an interest in the real estate of the testatrix by the terms of the will. For if he had such interest, upon his death, it passed to his surviving brother Thomas Alfred and his nephew Clarence, his only heirs, share and share alike. And to the interest of Clarence, if any, the plaintiff, his father, succeeded upon the death of his son.

It is claimed by the learned counsel for the plaintiff that upon the death of his mother Theodore J. Nichols had, by the terms of the will, a vested interest in one-third of the real estate devised, which might be increased one-half in case the grandson failed to reach full age, and that the plaintiff, the father of Clarence, has succeeded to one-half of such interest, or to one-quarter of the estate. Notwithstanding the gift of the legal title to the executors for the purposes of the trust, and the authority in them to collect and apply the rent and income up to a certain time, the ultimate right of Theodore J. Nichols to the enjoyment of at least one-third of the real estate was dependent upon no contingency whatever. At a period fixed — the arrival at age of the grandson of the testatrix — the trust was to end, the estate of the trustees was completed, and the share of each was to be received in actual possession; and in the event of the death of the grandson before that period, the unfettered enjoyment of the estate by the sons of the testatrix would earlier begin.

The view that interests vest in legatees and devisees at the death of the testator is favored, unless there be something in the will which clearly indicates that they shall not vest until a later period. (*Jarman on Wills*, 5 *Amer. ed., vol. 2, pp.* 406, 407.)

It would seem that the gifts to Theodore and Thomas, the two sons, were in substance and effect absolute, and by no event to be defeated. The death of one without issue did not give the share of the one dying to the survivor, but, by the terms of the will, upon the division to be made, his share would go to his heirs and assigns.

The only share with respect to which any contingency was annexed was that of Clarence; and upon his death before arriving at full age, it was to go to the two sons of the testatrix; so that while the shares of the two sons, as given, could not fail, they might be increased. But the interest in this expectancy was not a vested or inheritable estate, and the interest of Theodore therein terminated with his death.

In opposition to the view that the two sons had a vested interest in the real estate at the death of the testatrix, it is urged by the learned counsel for the defendant that the testatrix had given the legal title to the executors, as trustees, and that the title was to remain in them until the division was made. But that is preferring the form to the substance. The title was so placed the better to carry out and perfect the gifts. The donees were severally *in esse*, are distinctly named, and the share of each is determined. It is quite true that they were not actually to receive their shares until the estate carved out in favor of the trustees was ended in the manner designated; yet no one can doubt as to what the testatrix intended, and that the provisions of the will were for the immediate advantage of the sons absolutely, and the grandson contingently. The substantial fruits of the gifts, in so far as income was concerned, was given to them immediately. The two sons were the trustees, and they were authorized and empowered, until the division, to collect and divide the rents between themselves and the grandson (*Everitt* agt. *Everitt*, 29 *N. Y.*, 75; *Moore* agt. *Lyon*, 25 *Wend.*, 119). It is also true that there were no words of immediate gift of distinct shares, except as indicated by the directions to divide and convey; nor do I think it was at all necessary that such words should have been used to carry out the evident intentions of the testatrix.

When Clarence should arrive at full age the trustees were to convey distinct shares to the donees in fee simple. I apprehend that this amounts to a gift in *præsenti*. The deeds or conveyances, if any were in fact necessary to be executed, would but effectuate the prior gifts.

In *Weston* agt. *Weston* (125 *Mass.*, 268) the property was "to be conveyed" on the death of a life tenant, yet it was held that the devisees had a vested interest from the testator's death.

The case would doubtless be otherwise if the rights of the two sons to any portion of the principal of the estate was dependent upon some contingency which might not happen. But there is here no obstacle of that nature. The gift to each son is the substance of the will, in so far as they are concerned; the term of the full enjoyment only was postponed, which no event within the contemplation of the testatrix could defeat. Hence I conclude that upon the death of Theodore his share went to his brother and nephew; and that the plaintiff, the father of Clarence, as the heir of his son, takes his share, which is one-half of one-third of the estate.

In *Manice* agt. *Manice* (43 *N. Y.*, 303, 368) the rule on the subject of vesting was formulated by RAPALLO, J., who says: "And it may be laid down as a general rule that where, by a will, shares or interests in real or personal estate to be ascertained by a division are given   *   *   *   the estate or interest of the devisee or legatee in the property to be divided is a vested interest before the division   *   *   .*   unless the language of the will clearly and unequivocally expresses an intention that the vesting shall be postponed."

There is nothing in the will which tends in any degree to show that the testatrix did not intend that the interests of her sons should be vested interests at her death, unless it arises from the fact that the trustees had been clothed with the legal title up to the period or event when the division was to be made. But that fact does not prevent the immediate attaching, at her death, of the interest which she had absolutely given to them and which inevitably took effect in possession, at the termination of the trust estate.

It is suggested by the defendant's counsel that the testatrix did not mean that any portion of her estate should go out of her own family, nor that the heirs of her grandson should

receive any portion thereof. The intentions of the testatrix are reflected only by the terms of the will properly construed.

In *White* agt. *Howard* (46 *N. Y.*, 144) a result was reached seemingly in opposition to the intentions of the testator, for the heirs of his daughter took a considerable portion of the estate in opposition to the heirs of the testator. This result was reached upon the ground that the remainder of the estate was vested in her at his death. And where a testator fails otherwise to dispose of any portion of the estate, as was said by the learned judge in that case, "the heirs and next of kin are by law entitled to the property, and any intention of the deceased, however ascertained, can have no effect upon their legal rights."

Judgment must be given directing the construction of the will and the rights of the parties as above indicated, the details of which are specially indicated in the findings of facts and conclusions of law herewith filed.