Earl, J.
We agree with the court below and with the .contention of the respondents, that the corpus of the residuary; estate did not, during the life of the widow, vest in the }€|stator’.s children, and for this conclusion the cases of Warner v. Durant (76 N. Y. 133); Smith v. Edwards (88 N. *295 Y. 92), and Shipman v. Rollins (98 N. Y. 311), are ample authority.
The whole income is not given to the children during the- life of the widow, and during her life the estate is vested in the trustees. There is no direct gift to the children, but simply a direction for a division among them after the death of the Widow. In Warner v. Durant, Folgee, J., said : 66 Where there is no gift, but a direction to executors or trustees to pay or divide, and to pay at a future time, the vesting will not take place until that time arrives.” In Smith v. Edwards, Finch, J., said, that “it has been often held that if futurity is annexed to the substance of the gift, the vesting is suspended,” and that “ when the only gift is in the direction to pay or distribute at a future time, the case is not to lie ranked with those in which the payment or distribution only is deferred, but is one in which time is the essence of the gift.”
These general rules must control the construction of this will, as there is nothing in its context or general language which' renders them inapplicable. This construction, too, is in harmony with the presumed intention of the testator! He vested the whole estate in the trustees during the-life of his widow, and during that time evidently intended that it should remain there, and not be subject to the disposal of his children, or liable to be seized by their creditors ; and after the death of his widow he gave it, not to the children living at his death, but to the children and descendants of children deceased living at her death.
It is clear that the testator intended that his wife and children should take the surplus income, not as a class, not as joint' tenants, but distributive!}' as tenants in common. Such-is the plain language of the will. The trustees were to divide the surplus “ equally between ” his wife and six-children, so as to give each “ an equal share,” and “ each' one ” was “ to defray out of his or her share ” his or her' personal expenses. Such language is always held tó constitute the beneficiaries tenants in common,' and te.show that *296 they take distribntively, unless there is something in other provisions of the will to show that the testator intended that they should take as a class ; and so it was held in Hoppock v. Tucker (59 N. Y. 202). Here there is nothing in the will to control, modify, or limit the plain meaning of this language. The testator’s wife was old, and it appears that he contemplated that one or more of his children might during her life marry, die, and leave descendants. He made no provision for the support of such descendants in the family home, and it cannot be supposed that he intended they should, during the life of his widow, be left without any means of support. He put such descendants in the place of their deceased parents after the death of his widow, and it is fair to infer that he expected that they would in some way take the place of their parents during her life. A construction giving such eifeet to the will, will certainly come nearest to the presumed intention of the testator.
Therefore, when Mrs. Shipman died, the one-seventh of the income which was payable to her during her life, did not pass to the surviving six, but was undisposed of by the terms of the will, and was devolved upon the appellant under the Revised Statutes (1 R. S. 726, § 40), which provides as follows: “When, in consequence of a valid limitation of an expectant estate, there shall be a suspension of the power of alienation or of the ownership, during the continuance of which, the rents and profits shall be undisposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the person presumptively entitled to the next eventual estate.”
This case precisely fits that section. There is a valid limitation of an expectant estate to the appellant. During the lifetime of the widow there is a suspension by a valid trust of the power of alienation, and since the death of Mrs. Shipman, the income is undisposed of by the will, and the appellant is the person presumptively entitled to the next eventual estate, and, therefore, entitled to the income otherwise undisposed of.
*297 The judgments of the general and special terms should, therefore, be reversed, and judgment entered in accordance with this opinion, the costs of all parties in the supreme court, and in this court, to-be paid- by the trustees out of the surplus income of the trust estate.
All concur.
Note on Vesting.
The importance of the case in the text is enhanced by its method of applying clearly settled principles to a mixed fund of real and personal property, and the income of such a fund.
We are not, by the saying in the opening of the opinion that the corpus was not vested, to understand that the direction to divide real property among such of testator’s children, and the issue of any deceased, as should be living at the widow’s death, constituted a contingent and not vested remainder in the real property. The statement in the conclusion of the opinion, that the issue of a deceased child, was (the widow living) presumptively entitled to the next eventual estate; describes a vested remainder. But the gift of surplus income is treated by the court, and doubtless, correctly treated on the principles applicable to a gift of personalty.
The term “ vested ” in its technical use in application to future gifts, has a diilerent breadth of meaning, as used in the law of real property, according to the common law and statutory distinction between vested and contingent remainders, or as used in the law of legacies to distinguish between a legacy which is given subject to a future event or may lapse, and one to which the legatee, or his successors, have, at the testator's death, an indefeasible title. If the gift is of the testator’s real property as such, whether to one for life, whether absolutel)'- or in trust, with a gift over to another,—expressed as a gift, or merely as a direction to the trustee, on the termination of his trust to convey or divide,—the law favors vesting at the testator’s death, and refers unqualified words of survivorship to the time of testator’s death. But the estate is deemed vested whenever there is a person in being who would instantly take if the prior estate should immediately terminate; and this is so, notwithstanding the facts may be such that by reason ofxthe postponement of the termination of the prior estate, such person and his successors may lose all right to take, before the termination arrives, or some other person may come in to share the estate with him. In the case of real property, therefore, words of futurity annexed to the substance of the gift do not prevent vesting unless the event fixed *298 is one that may never occur, or the contemplated donee described may never exist, so that the contingency affects not merely the question who is to enjoy the estate, or when, but the very existence of the proposed estate itself.
If the gift is of personal property,—whether directly, or by directing executors or trustees to convert real property and pay or divide the proceeds,—the law, as a general rule, favors vesting at the testator’s death; but this tendency is restrained, in the absence of a different intent manifested in the will, by two rules which do not operate in the case of a devise of testator’s real estate, viz. (1) that words of futurity, if annexed to the substance of a gift, will prevent vesting meanwhile; and (2) that unqualified words of survivorship are referred to the time of the future event, not to the testator’s death. But when, by reason of these rules, the legacy is spoken of as not vested, it is not meant that it is contingent in the sense in which a contingent remainder is, but only that the right to it is defeasible; in other words, that the designated beneficiary and his successors may, before the time of payment arrives, lose their presumptive right to take.
In the law of wills as now administered, the funds to which these rules are applicable, are so frequently mixed, and the principles themselves are so technical, and the language to which they are to be applied so irequently complex and inartificial, that confusion has naturally arisen. To illustrate the distinction which must be observed so long as the distinction between testamentary provisions affecting real property, and- those affecting personalty, continue to exist in our law, let us take first the case of a devise.
Clause A. Testator gives real property to A., for life ; remainder, on the death of A. to B.
First Case. B. is a descendant of the testator, and dies before testator. At common law the devise would have lapsed, because at testator’s death, when first the will could take effect, no such person was in being, nor could come into being; but by 2 B. 8. 60, § 52, if B. be a child or descendant of the testator, the gift does not lapse.
Second Case. B. survives the testator, but dies before A. The devise in this case, creates a vested remainder in B., at testator’s death, and on B.’s death, that estate, though not yet in enjoj'ment, will pass under B.’s will, or by inheritance if he die intestate, unless he shall have previously conveyed it, as he might do.
Clause B. Devise to A. for life; remainder to B., O. and D., share and share alike.
Here, if B., C. and D., are descendants of testator, or if not being descendants, they survive him, the same rule applies as to each, in respect to his share, as' if he were named alone.
*299 Clause C. Devise to A. for life; remainder to B., 0. and D„, as a class or as joint tenants.
Here, if B., O. and D., survive testator, they take a vested estate, although by reason of the uncertainty whether any one of them will survive the termination of the life estate, it is unknown whether all' or only a part, or only the representatives of the last survivor dying before A., are to take. The contingency in respect to who will come into possession of the estate, is not a contingency in respect to the existence of the’bstate, and therefore does not prevent its vesting at testator’s death.
Clause D. Devise to A., with remainder to the children of A.
First Case. A. has children living at testator’s death. In this case the estate is vested. It is a tenancy in common (unless expressed to be joint) and therefore, on the death of any one of the children before the death of A., that child’s heirs or devisees will succeed, unless he may have previously alienated his share. And the heirs or devisees thus succeeding take not by the will, but as the heirs or devisees of the child of testator, he having taken by the will.
The question whether, if A. should have additional children after testator’s death, the devise would open and let them in to share, thereby reducing the shares of the others, is a question that might depend upon the terms of the devise, but whichever were the result the estate would still be a vested estate. In either case the estate subsists, and the opening of it to let in after-born children' affects the ques-x tion who shall enjoy it, but not the existence of the estate.
Clause jW. Devise to A. for life; remainder to such of the children of A. as should survive A.
First Case. A. has children living at the death of testator. The remainder is then a vested estate in them ; and neither the fact that additional children may be born, and the devise may be subject to open and let them in, nor the fact that some may die before A., and the gift as to them be thus defeated, affects the vested character of the estate, for the contingency still only relates to who will ultimately enjoy the same identical estate: nor does the fact that some may die before A., and the gift as to them be thus defeated, affect the vested character of the estate; for the contingency still only relates to who will ultimately enjoy the same identical estate.
Second Case. A. has no children at the death of the testator. In this case the estate itself is contingent, for if A. should immediately die, the remainder could not take effect in favor of anyone. The estate itself here is contingent, and it continues contingent so long as A. is childless. If a child is born, the contingency ceases, and the estate vests in that.child. The uncertainty whether the child will survive A.s *300 and therefore, whether the estate may not bo defeated, if upon the death of A., there be no children of A. living, does not render the estate contingent.
The fact that a vested estate in remainder is liable tobe defeated by the death of the devisee before the vesting in possession, does not prevent the estate from being assignable, but a purchaser will take subject to the same defeasibility. Sheridan v. House, 4 Abb. Ct. App. Dec. 218.
As an illustration of the rule that a vested estate does not depend upon the present enjoyment of it, a devise to an infant when he shall become of age with remainder over if he die under age, creates a vested not a contingent estate in him, although it is defeasible and his enjoyment be entirely precluded by death before coming of age. Manice v. Manice, 43 N. Y. 303, 380.
For the case of a contingent remainder and a vested remainder subject to be defeated by death before majority, under the same will, see Kelso v. Lorillard, 85 N. Y. 177.
Contingent estates are now very rarely created ; but devises of vested estates, which by reason of a contingency as to who may prove to be the beneficiary, and which therefore suspend the power of alienation meanwhile, are frequently created, and are sometimes mistakenly treated as contingent, as in the case of Carmichael v. Carmichael, 1 Abb. Ct. App. Dec. 309.
If we use the term “vesting” therefore, in the sense in which it was strictly and uniformly used at common law, an estate may bo vested and yet subject on the one hand to open and let in tenants not now in existence, and whose existence cannot be predicted, or subject on the other haqd to defeasance by reason, for instance, of the failure of the presumptive beneficiary to survive so as to answer the designation of a beneficiary at a future time.
It is thus seen that the question whether futurity is annexed to the substance of the gift, can rarely be of controlling influence on the question whether a devise of real property is vested or contingent; for although the remainder be given by words of futurity, if the beneficiary be in existence so that immediate termination of the precedent estate would give the property to him in possession, it is a vested remainder and the estate is not contingent.
Limitations of future or contingent interests in personal property are subject to the same rules so far as prescribed in 1 R. S. 722, etc., in relation to future estates in land. 1 Id. 773, § 2.
But, notwithstanding this provision, the distinction between what is termed vesting in the one case and in the other continues.
*301 Words of futurity.] The term “ vested ” is constantly used of legacies to indicate more than not being contingent in the common use of that term as to estates in real property, viz., to indicate one which is not subject to be divested,—one that is not defeasible by lapse of time or otherwise. A legacy is not said to be vested, except when the legatee, if sui juris, has power to extinguish by release, or give perfect title by assignment (unless the legacy be, by the law of trusts, unassignable). It is in this connection, therefore, that the rule as to the use of words of futurity is most important. The following general principles guide the interpretation to be put on a gift of personalty in words of futurity :
I. If the legatee be in existence at the time of testator’s death (or be a descendant of testator), a gift expressed in words of the present will be held to create a vested gift, unless a contrary intent be clearly manifested by the will.
II. A gift in which words of futurity are annexed to the substance of the gift, may have the same construction, if +he general intent of the testator, as manifested on a view of the whole will, calls for such interpretation; and this rule is more freely applied when it protects the nearer kin of the testator as against strangers or more remote relatives, to whom another construction might carry the estate.
III. Where words of futurity are annexed to the substance of the gift, and there is nothing in the will to manifest a different intention, the gift itself will be deemed future, and the question of who is the beneficiary, will be deemed dependent upon the state of facts when that future time shall arrive; and in this class of cases of which the case in the text is an illustration, the legacy is said, meanwhile, not to be vested, although if it were an estate in real property given by the same language, it would technically be called a vested, as distinguished from a contingent remainder.
It is said in Smith v. Edwards, 88 N. Y. 92, 104; aff’g 23 Hun, , 223, that the cases cited by Jarman (Jarm. on Wills, pp. 759, 762), in support of the rule that time is of the essence of the gift, when the only gift is in the direction to pay and distribute, were cases in which the gift was to be determined on an event in the future; and in so far the rule, says Eracn, J., is undoubtedly established, and rests upon evident and sound reasons.
The rule that words of survivorship are to be referred to testator’s death, unless there is express intent to. the contrary, applies only to real property, or to those cases of mixed estate where the real property controls; in case of personal property the rule is, on the contrary, that words of survivorship are to be referred to the period of division and enjoyment, unless there is a special intent to the contrary. Teed v. Morton, 60 N. Y. 502. And a reference to the “division” means, in *302 contemplation of law, the time legally appointed for the division, and not the later period when division may be actually made, unless the language of the will indicates the contrary. Manice v. Manice, 43 N. Y. 303.
The following analysis of recent cases may aid in illustrating the foregoing distinctions, and the collateral rules which frequently modify their application, in view of the language of particular testamentary provisions.
The leading case here on contingent remainders is Sheridan v. House, 4 Abb. Ct. App. Dec. 218. See, also, Moore v. Lyons, 25 Wend. 119, and opinion of Walworth, Chan., p. 144.
On words of futurity in a gift of personalty, see Patterson v. Ellis, 11 Wend. 259.
Devisefrom and after termination of life estate,—vested.] Livingston v. Greene, 52 N. Y. 118 ; aff'g 6 Lans. 50. Gift of real property to wife for life: “ from and after the decease ” of her, “ I give and bequeath all my real estate .' . . . . to all my children, and to their heirs and assigns forever, to be equally divided share and share alike, and should any of them die and leave lawful heirs, such heirs to receive the portion their parent would have been enutled to,” etc., “viz., after the death of my wife, I give to my son' John one equal share,” and so on, naming each child as the donee of a share. “ On the event happening of the death of my wife, and on a division of my estate in equal shares ” as aforesaid, “ I hereby declare such shares to be an estate in fee to them and their heirs and assigns, and they or either of them are empowered ” to convey, &c. All the children were living at testator’s death; arid between his death and that of the widow, some died leaving no issue, and one died leaving issue.
Held, that each of the children took a vested remainder at testator’s death, and that the heirs and devisees of those respectively, who died before the widow, succeeded to their respective shares. Ho share was divested, by death without issue before the widow.
1. The words “after,” and “ upon the death of my wife,” merely related to possession.
2. The substitutionary clause as to children dying and leaving issue, must, in the absence of other controlling provisions, be restricted to death before testator’s death.
3. The' clause declaring a fee in each child on the death of the widow, referred to an absolute fee, and did not preclude the prior vesting of a remainder.
[This decision is to be regarded rather as of weight in applying the rule in Moore v. Lyons (supra), to an extreme case, than as of value as containing any lucid exposition of the doctrine.
*303 Its significance is in its illustration of the principle that the existence of words of futurity annexed to the substance of the gift is not enough to prevent vesting, if the person who would be entitled to take be in existence at testator’s death, and so indicated that should the precedent estate then determine, the gift would immediately take effect in possession.]
Weed v. Aldrich, 2 Hun, 531; S. C., 5 Sup'm Ct. (T. & C.) 105. ■Gift of all estate real and personal, to wife for life, with power to sell and convey, “and at, and after her decease it is my will that all my estate. . . be equally divided between my two children [named], and to the survivor and survivors share and share alike.”
Held (following Moore v. Lyons, 25 Wend. 119, and cases reiterating that ruling) that the children named took vested interests at testator’s death (this being the obvious general intent in view of which the words “at and after her decease” must be deemed to relate to the enjoyment, not to the time of vesting in interest) and hence the devisee of a child, who died after testator and before the widow, took that child’s share on the widow’s death.
[The point of this case seems to be that although there was no present gift in trust, the construction of the gift in remainder, although expressed merely by words of future division, was controlled by the general intent of a present gift to existing children who might survive the testator.]
Demise oner in case of death, &c.~\ Kelly v. Kelly, 61 N. Y. 47; aff’g 5 Lans. 443. Unqualified gift of real and personal property to two children named, share and share alike, followed by separate clauses (1) directing executors to lease and apply income to support, etc., of children; (2) “ in case of death of either child, I devise my whole estate to the survivor, and in case of death of both,” to nephews named; (3) direction that property be not sold or mortgaged till majority of youngest child. Both children survived testator, but died infants unmarried, and without issue.
Held, that the general intent manifested in the first of these provisions was not defeated by the addition of the others ; and the fee vested in the two children at testator’s death.
1. The clauses as to deaths and survival, referred to such events only if occurring before testator’s death, and therefore the limitation over did not take effect.
2. Therefore the property passed by inheritance from the infants to their cousins, children of testator’s deceased brothers.
[The opinion of the commission of appeals renders this obscure by referring to the heirs of testator, instead of to the heirs of his childyen.]
*304 The significance of this case is in its strong application of the rule that words of survivorship unqualified are presumed to refer to surviving testator, and to exclude the case of survivorship occurring after-wards.
Hopkins v. Hopkins, 1 Hun, 352; S. C., 3 Sup'm. Ct. (T & C.) 527. Gift of use and income of real and personal estate to two unmarried daughters named for life, but if either should marry, the other to •have the use and income. “ In the event of the death or marriage of nyr said daughters, .... I give, etc.....to my children [naming eight, included among whom were the two daughters before named] or to thp survivor or survivors of them,” in case any die having issue, the child or children to take the share the parent would have had.
Held (following Moore v. Lyons, 25 Wend. 119), 1. That the children took a vested remainder at testator’s death, and that the omission here of the words “heirs and assigns forever,” after survivors of them, did not alter the rule.
2. That the same result would follow the application of the rule that the law favors vesting, unless the will plainly precludes it.
[In this case the facts are not sufficiently stated to make it clear whether the substitutionary clause for the representatives of a deceased child would prevent the share of a child dying before testator, and leaving issue, from going to the survivors under the principal clause.]
Vanderzee v. Haswell, 2 N. Y. State R. 732. Testator devised all his real estate to his son Cornelius, “ subject to the proviso hereinafter contained.” After having given certain money legacies charged upon the devise to the son, testator concluded, “my will is that if my son Cornelius dies without issue, that then the estate heroin devised to him shall go to my grandchildren [naming them] .... and in case my son Cornelius should die before the provisions of this will become an act, the devisees last named shall perform and fulfill all the conditions of my son Cornelius to the legatees named in this will.”
Held, that the general rules that the words “ death without issue,” referred to a death in the lifetime of the testator, did not apply to this will, because there were indications in the will that the gift over to the grandchildren should take effect upon the death of the son, without issue at any time either before or after his own death, and therefore the fee of Cornelius was subj'ect to an additional limitation in favor of the four grandchildren of the testator in the event of the death of Cornelius without issue.
Matter of Cogswell, 4 Dem. 248. Testator gave to his nephew, J., the sum of $15,000, to be paid to him when he attained the age of twenty-one years, with a gift over in the event of his earlier death. Held, that the legatee took a vested interest, subject to become divested *305 in the event of his death under age, and that such legacy was not, therefore, subject to a collateral legacy tax under the act of 1885, which went into effect after the death of testator, but before the legatee attained his majority.
Griffin v. Shepard, 40 Hun, 355. A testator devised to his son Joseph, an equal undivided third of all his real and personal estate, and to his son John another undivided one-third. The remaining third he devised to John, in case he survived his wife or had a child which reached the age of twenty one years; if not, then this remaining third was devised to his son Joseph.
Held, that Joseph had an expectant estate, in the undivided one-third devised to John in case he survived his wife or had a child which reached the age of twent.y-one years, which Joseph could release and convey by deed.
Legacy to child dying before testator.] Cook v. Munn, 12 Abb. N. C. 344. Gift absolutely of one-fifth of testator’s estate, real and personal to his son. The son died before testator, leaving a widow and children. Ho left creditors, but no property.
Held, that under 3 R. S. (7 ed.) 2287, § 52, providing that such a, legacy should not lapse, but should vest in the surviving child or other descendant of the legatee, that (he legacy passed to and vested in the children of the deceased son without administration upon his estate, and to the exclusion of his widow and creditors.
Shares held to vest separately, notwithstanding void trusts.] Everitt v. Everitt, 29 N. Y. 39 ; rev’g 29 Barb. 112. Gift of residue to executors in trust (with imperative conversion) for such of testator’s three younger children (named) as .should be living at his death; if the. youngest then living be then twenty-one, the executors then to divide the fund among them, or the survivors, share and share alike, or if only-one be surviving, that one to take the whole; if testator should die while any of the three was under age, the executors to hold the fund (with power to make advances to one or both of the elder) till all the survivors or survivor were of age, and then divide or pay over as above (income meanwhile to support the children); if any of the three should die before entitled to he paid, leaving lawful issue, her share to go to them; if not, to the survivor or survivors.
Held, (1) that the gifts of principal were several, not joint.
(2) That they vested at testator’s death, and only the enjoyment or possession was postponed.
(3) That on the death of one under age, without lawful issue, her share would vest in the others. That on the death of another without lawful issue, her original share would not go to the survivor to await her coming of age, thus involving a suspension of alienation for more than *306 three lives, but would go to her legal representatives, and be payable immediately. Hence, there was no illegal suspension of any share.
' (4) That if the trust was void for purporting to suspend the power of alienation for three lives, it might be struck out without impairing the gift.
[The significance of this case is in the closeness and accuracy of the reasoning which demonstrates that the shares are separate, and that thus treated, the power of alienation is not attempted to be suspended for more than two lives in respect'to either one of them.]
Vested remainder subject to oyen.] Stevenson v. Lesley, 70 N. Y. 612; modifying 9 Hun, 637, and 49 How. Pr. 229. Gift of residue in trust for grandchildren, viz., children of son A. and survivors of them, share and share alike, to be paid and conveyed to each respectively as they come of age; meanwhile, income of estate to be applied to support of each under care of executors. Held:
(1) The estate vested in trustees at testator’s death.
(2) “ Survivors ’’ refer to those surviving testator.
(6) Children of A. surviving testator, took, on testator’s death, vested remainders in “shares" as tenants in common, not as joint tenants.
(4) They took, however, as a class, so that the gift was subject to open and let in any child born to A. after testator’s death, and before time for distribution of any part should arrive; in this point the court of appeals modifying the decision below.
[This last point is the characteristic feature of the case, for it applies the doctrine of gift to a class also held by the court to be on a separate trust for each child, and allows a gift taking effect distributively according as donees of shares should attain a specified age, to open, and thus reduce the share of each by a fraction sufficient to make a new share for the new comer.
[In comparing this with the case in the text, it will be seen that in no view was the remainder contingent, because it was given by present words in trust to pay and convey when beneficiaries existing at testator’s death should come of age. No words of futurity were annexed to the gift, and the liability to open and let in after-born children, does not, in contemplation of law, alter the estate, but only reduce the share of property affected thereby.]
Devise in Prust with direction to convey.] Is a devise of real, or bequest of personal, property to trustees, on a valid trust, with directions on the occurrence of a contemplated event to convey to persons then ascertainable, a trust in favor of the latter, requiring to be executed by a conveyance, or does the estate vest in them on the occur *307 •renceof the event by force of the statute of uses (1 R. S. 727 [3 R. S. 7 ed. 2180]) ?
If the former, is their - right to conveyance a “remainder” in the technical sense of the common law, or is that term only appropriate for an estate which can vest by force of the instrument creating it, without appointment or conveyance ?
An examination of the following cases will throw some light on these questions:
Bruner v. Meigs, 64 N. Y. 506 ; aff'g 6 Hun, 203. The will created separate trusts in favor of each of testator’s children for life, in the one-seventh part of the residuary. estate, remainder -ip each case to such child’s heirs, with power to the trustees, on the death of each beneficiary, to convey to his heirs. Held, that upon thé death of a child, the estate in each case vested in his remaindermen; without depending upon the execution of the power; that the power to convey was merely a power in trust, and not a trust, and was several; not general, and not applying to the whole estate; and that the trustees, after the death of a beneficiary, had no general power of sale over the estate; although it had remained actually undivided. "
The court said: “ The power and direction to transfer and convef the share or- portion of the estáte to those entitled under the will after i the death of the cestui que trust for life, did not constitute a trust, of require the estate to be vested in the executors and trustees named; It was merely a power in trust, and could be executed as such. Thé estate and interest of those entitled in remainder did- not depend upon the execution of that power, and the vesting of their estate could neither be defeated nor delayed by the neglects or omissions of those-vested with the power.” (p. 516.)
Chapman v. Nichols, 61 How. Pr. 275. Devise of real estate td executors in trust to divide income between A., B.-and C., until C. came of age, and then to divide the real estate into three equal parts; and to-grant and convey one-third each to A., B. and' 0.; but if C. died before such division and conveyance without issue, then the whole estate to be divided and conveyed to A. and B. Held: that the thirds 'given to A. and B. vested immediately upon the death of the testatrix; notwithstanding the provision for a conveyance by the trustees, and that upon A.’s death, his share passed to his heirs; that the provision for the remaindermen was a gift in presentí. “ The deeds or conveyances, if any were in fact necessary to be executed, would but effectu-. ate the prior gifts.”
The existence of a trust in the executors does not prevent the immediate, vesting of the beneficiary estate, although there is a direct *308 fion that on the termination of the trust, the trustees are to convey to the beneficiary. Chapman v. Nichols (above).
Devise over on cessation of trust.) Embury v. Sheldon, 2 Abb. N. C. 404 ; s. c., 68 N. Y. 227; aff'g, in effect, 50 How. Pr. 324. Gift of real and personal property to executors in trust to receive income during life of son J., upon whose death “the trust .aforesaid shall cease, and I hereby give . . . the residue ... as follows: one-fourth to a daughter [named], one-fourth to children of a son [named], one-fourth each to two other sons; in ease of the death of the daughter or the two sons to whom shares vero given, leaving lawful issue surviving them, I order and direct that such issue shall take, income as well as principal, the share the parent would have been entitled to,” etc.,—Held, that the share of a son named who survived testator, vested in him at testator’s death, and passed under the will of the son, on his death leaving issue, before the termination of the trust, and not to such issue in tlio place of the parent. Following Livingston v. Greene, 53 JY. Y. 118.
(1) The language of the will was in the present tense, and the gift Unqualified.
(2) Whether the death referred to intended a death before or after the death of the testator, the result in this case is the same, for if death before the testator was intended, the son took a vested interest, which passed by his will to his wife; if a death after testator was intended, tile son’s child took his father’s share, and this passed by inheritance upon the son’s child’s death to his mother.
[The real importance of this case is in its exposition of the principle that the statute of trusts, declaring that no estate vests in the trustee, does not prevent the immediate vesting of the beneficial interest of the eestui que trust, or of the devisee in remainder; and of the further principle that a remainder is not to be considered contingent in any case, where it may be considered vested consistently with the testator's intention.]
Future sale and division of proceeds.) Vincent v. Newhouse, 83 N. Y. 505. Devise to widow for life, with direction that at her death the executor should sell and divide the proceeds equally between daughters named, and children and heirs of two sons and a daughter named, Share and share alike; if either of the heirs should die after the date of tiie will and before payment, the share of one so dying without issue to be equally divined among the other heirs named. Held, that as the gift was of personalty, by a conversion which was not to take place till the end of the life estate, no portion vested until the widow’s death; and that those who survived that period, and the issue of those prexiously dying, took, to the exclusion of those who died without issue before the time of conversion.
*309 Delaney v. McCormack, 88 N. Y. 174; aff’g 25 Hun, 574. Devise of all of real estate to J. for life, and in fee if J. marry and have issue; if lie die without issue, the executors to sell and distribute the proceeds among the testator’s next of kin. Held, that as the fund to be distributed was only to be created if and when the devisee should die without issue, the vesting is postponed, and the fund being by conversion personal property, those capable of taking at the time of distribution are entitled.
To same eflcct is Teed v. Morton, 60 N. Y. 502.
Jones v. M. E. Sunday School, 4 Dem. 271. Testator bequeathed certain property in trust for his son, and at the death of the trustee directed that the same be sold, and a certain portion of the proceeds given to a specified legatee. Held, that the legacy did not vest until the termination of the life of such trustee.
To keep money invest, d and afterward divide it.] Smith v. Edwards 88 N. Y. 92; aff’g 23 Hun, 223. Direction (disregarding peculiarities unimportant to these questions) to keep a specified fund of personalty invested “ until my youngest grandchild now born, or that may hereafter be born before final distribution of my éstate, shall be of full and lawful age;” after five years from testator’s death to divide, in executors’ discretion, part of the principal fund between the four children named and four grandchildren named, and if either should die before payment. leaving issue, then liis or her portion to his or her children, but if without issue, then to the surviving brothers and sisters, and when his youngest grandchild, born, and that may within twenty years be born, shall arrive at full age (or. if a granddaughter, be sooner married), to divide residue of the fund into two portions, one thereof to be divided between the four children, and the other between all the grandchildren then living, including such as may be born after testator’s death (with similar substitutionary clause), Held,
(1) That the legatees took distributively, and not as joiqt tenants.
(2) That although the words of futurity were annexed to the substance of the gift, yet the general intention of the testator as manifested by other provisions of the will, might be resorted to,"toascertain whether a present gift was intended; and on examination of the other provisions it was held that such present gift was not intended, even as to the first distribution.
(3) That the. second distribution of the residue of the fund, since those who were to take were uncertain until the event happened, and might hot he any one in esse at testator’s death, was void because the ultimate vesting (that is to say, the power of alienation) was. suspended for a term of years, and not for a term dependent on not moré than two lives in being.
*310 -| This is a case of .Special interest, as clearly indicating the limits of what has been stated as a general rule, that vesting is postponed when. the only gift is.in the direction to pay or. distribute at a future time.
• Direction-to pay interest and, after a term, principal.] Warner v. Durant, 76 N. Y. 133; aff’g 15 Hun, 450. Gift of a gross sum to executors, in trust, to invest and pay seven per cent, interest upon specified- fractional amounts, to persons. named, and, five years after, testator’s death, to pay over the principal amounts respectively to those to whom the interest had been directed to be paid. Held, that conceding the general rule that “ where there is no gift but by a direction to executors or trustees to pay or divide, and to pay at a future time, the vesting in the beneficiary will not take place until that time árrives,’’—this case was governed by an exception to that rule, to the. effect that a direction to sever the gift from the general estate instanter, for the legatees’ benefit, is indicative of an intent to give the principal in' any "event, .and postpone only the "date of payment; though it might be otherwise if'the gift of interest was not co-extensive with the whole interest on thé’sum, or was made out of the entire fund or estate.
‘ [The question in this case was, whether the legacy to one of the persons named,", lapsed by his death after the testator, and before the expiration of the five years. ■ The significance of the case ..is not in its. assumption of the general principle that words of futurity annexed to the substance of the gift prevent vesting, but in its .emphasis of the exception recognized here, viz., that the severance of the sum, and the gift of interest out of it, manifest an intent to vest the gift, notwithstanding the use of such words of futurity.]